USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINGLING FAN,

                        Plaintiff,

-against-

ANCHOR GENERAL INSURANCE COMPANY,

                        Defendant.

24-CV-8911 (MKV)

**ORDER WITH RESPECT TO PLAINTIFF'S PROPOSED ORDER TO SHOW CAUSE**

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, who is proceeding *pro se,* filed this action on November 20, 2024. [ECF No. 1]. Defendant Anchor General Insurance Company filed a pre-motion letter seeking leave to file a motion to dismiss the complaint pursuant to 12(b)(6) and 12(c). [ECF Nos. 20, 24]. Plaintiff opposed. [ECF No. 25]. Thereafter, the Court issued a Scheduling Order for Defendant's contemplated motion. [ECF No. 26]. In compliance with the Scheduling Order, Plaintiff filed an Amended Complaint. [ECF No. 29]. While briefing for the pending motion is ongoing, Plaintiff filed a "Proposed Order To Show Cause With Emergency Relief," [ECF No. 30], and Defendant opposed. [ECF No. 33].

      While Plaintiff is proceeding *pro se* and the Court must "liberally construe[]" documents submitted by Plaintiff, *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008), the Second Circuit has made clear that *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted). While Plaintiff filed a document labeled as a "Proposed Order To Show Cause With Emergency Relief," there is no cognizable emergency relief sought by Plaintiff in this proposed order. Instead, Plaintiff only seeks monetary relief and then summarily lists caselaw related to

preliminary and mandatory injunctions. *See* ECF No. 30. Injunctive relief is unavailable here because Plaintiff seeks monetary relief. *See, e.g., Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable . . . ."). Furthermore, preliminary injunctive relief " 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.' " *Id.* (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Even when construed liberally, Plaintiff fails to demonstrate the standards necessary for the entry of such drastic relief.

In opposing Plaintiff's proposed order, Defendant requests that the Court impose monetary sanctions, in the amount of $10,000, on *pro se* Plaintiff for her "frivolous behavior" including the "frivolous claims in her amended complaint and the relief sought in the recently filed proposed order to show cause. *See* ECF No. 33 at 5. While it is true that Rule 11 applies to *pro se* litigations, *see Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 n.9 (S.D.N.Y. 2005) (citing cases), *aff'd*, No. 05-2971-CV, 2008 WL 749564 (2d Cir. Mar. 20, 2008) (summary order), "even when a district court finds a violation of Rule 11, [t]he decision whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). Here, the Court, in its discretion, will not impose sanctions on *pro se* Plaintiff at this time. *See Murawski v. Pataki*, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007) (quoting *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)) ("Ultimately, the decision to impose Rule 11 sanctions rests in the sound discretion of the court, and 'should be imposed with caution.' "). The Court in making this decision is mindful that Plaintiff is both proceeding *pro se* and *in forma pauperis*. *See, e.g., Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004) ("Because plaintiff filed this lawsuit *in forma pauperis*, we conclude that

monetary sanctions against [her] would be ineffective."). However, Plaintiff is on notice that Rule 11 sanctions are applicable to *pro se* litigants and if Plaintiff files letters or motions that are frivolous, vexatious, or completely unsupported by law or fact the Court may impose sanctions in the future. *See S.E.C. v. Smith*, 710 F.3d 87, 98 (2d Cir. 2013) (The Court's broad discretion extends to "tailoring appropriate and reasonable sanctions.").

Accordingly, IT IS HEREBY ORDERED that the Court DENIES Plaintiff's request to issue the proposed order to show cause at ECF No. 30. IT IS FURTHER ORDERED that the Court DENIES Defendant's request to impose monetary sanctions on Plaintiff. Finally, the Court will rule on Defendant's pending motion [ECF No. 32] once it is fully briefed by the parties in accordance with the previously issued Scheduling Order. [ECF No. 26].

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.** The Clerk of Court is respectfully requested to mail a copy of this order to Plaintiff's last known address.

**SO ORDERED.**

Date: September 4, 2025  
New York, NY

*Mary Kay Vyskocil*  
**MARY KAY VYSKOCIL**  
**United States District Judge**